UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:17-CR-00254-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CHRISTOPHER DE'LANIO TAYLOR (01)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

On June 27, 2019, the Court received correspondence from Defendant, Christopher De'Lanio Taylor, inquiring as to whether he qualifies for relief under the First Step Act of 2018 ("FSA"). [Doc. No. 46]. On July 1, 2019, the Court received a second letter from Defendant, inquiring as to whether he qualifies for relief under either the FSA or the Fair Sentencing Act of 2010. [Doc. No. 44]. Thereafter, the Court appointed the Office of the Federal Public Defender for the Western District of Louisiana to determine whether Defendant might qualify for a reduction of sentence pursuant to Section 404 of the FSA. [Doc. No. 45] On April 1, 2020, the Assistant Public Defender assigned to this matter was permitted to withdraw. [Doc. No. 50].

A review of the record reveals on January 12, 2018, Defendant pleaded guilty to Counts 2 and 3 of an indictment returned on September 28, 2017. [Doc. Nos. 1, 25, 29]. Count 2 charged Defendant with Possession with Intent to Distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(B)(viii). Count 3 charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. No. 1]. On April 19, 2018, Defendant was sentenced to a term of imprisonment of 86 months on Count 2, and 60 months on Count 3, with the terms of imprisonment to run consecutively. [Doc. No. 34].

Section 404 of the FSA permits courts to retroactively lower the sentence of a limited number of Defendants who were convicted of certain violations of the Controlled Substances Act involving crack cocaine. In order to be eligible for relief under Section 404, a defendant must have been sentenced for a "covered offense." FSA, § 404(b), 132 Stat. 5194, 5222. "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."[1] *Id.* at 404(a). Because Defendant's offense did not involve crack cocaine, and because the offense was committed after August 3, 2010, Defendant is not eligible for relief under Section 404 of the FSA.

Section 403 of the FSA, entitled "Clarification of section 924(c) of title 18, United States Code," made changes to consecutive sentencing on § 924(c) counts, where a defendant was convicted of multiple § 924(c) counts in a single prosecution. FSA, § 403, 132 Stat. 5194, 5221-22; *see also United States v. Davis*, 139 S.Ct. 2319, 2324 n.1 (2019). As Defendant was convicted on only one count involving § 924(c), section 403 of the FSA is inapplicable to him.

For the reasons set forth above, Defendant's motion for a sentence reduction [Doc. Nos. 44, 46] is DENIED.

SIGNED this 15th day of May, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Fair Sentencing Act of 2010 modified the penalties for crack cocaine offenses. *See* 124 Stat. 2372.