**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:17-CR-00254-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CHRISTOPHER DE'LANIO TAYLOR (01)** | **MAGISTRATE JUDGE HORNSBY** |

**ORDER & REASONS**

On October 26, 2020, Defendant Christopher Taylor filed a letter motion seeking clarification of his sentence. [ECF No. 53]. Specifically, Taylor asks that the Court issue an Order awarding him credit for time served, beginning on September 22, 2016.[1] *Id.* at 2.

Claims that attack prison authorities' determination of the duration of a term of imprisonment, or an alleged failure to grant presentence credit, must be addressed as habeas corpus petitions under 28 U.S.C. § 2241. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In this case, Taylor has made no showing that he has exhausted his administrative remedies through the BOP. Accordingly,

---

[1] Taylor was arrested by state authorities on September 22, 2016 for charges related to the instant offense. [ECF No. 32 at 12, ¶ 48]. Taylor was arrested by federal authorities on October 16, 2017. *Id.* at 2.

IT IS ORDERED that Taylor's motion requesting credit for time served from September 22, 2016 is DENIED WITHOUT PREJUDICE to his right to re-file after he has exhausted his administrative remedies with the BOP.

SIGNED this 10th day of November, 2022.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE